UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

GERALD W. CHRISTOPHERSEN and
PATTI CHRISTOPHERSEN,

       Plaintiffs,

vs.                              Case No.

PROGRESSIVE UNIVERSAL
INSURNACE COMPANY, WEST
BEND INSURANCE COMPANY,
KAPUR & ASSOCIATES, INC,
JAMES M. PECK, NESTLÉ USA
NESCARE PLAN, and SECURITY
HEALTH PLAN OF WISCONSIN,
INC.

       Defendants.

## NOTICE OF REMOVAL

1.      Pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446, Defendant Nestlé USA Nescare Plan (the "Nestlé Plan"), by and through its undersigned attorney of record, files this Notice of Removal to the United Stated District Court for the Western District of Wisconsin. Removal is proper based on the following grounds:

**<u>Service of the Complaint, Amended Complaint, and Summons</u>**

2.      On August 7, 2025, Plaintiffs Gerald W. Christophersen and Patti Christophersen ("Plaintiffs") commenced this action by filing a Complaint in the Circuit Court for Price County, Wisconsin, as Case No. 25-cv-000105 ("State Court Action").

3.      The State Court Action asserts common law claims and Wisconsin state law claims against Defendants Progressive Universal Insurance Company, West Bend Insurance Company,

Kapur & Associates, Inc., James M. Peck, the Nestlé USA Nescare Plan, Security Health Plan of Wisconsin, Inc., and Alias Insurance Company Nos. 1 and 2, regarding a car accident (the "Accident") involving Plaintiff Gerald W. Christophersen ("Mr. Christophersen") and Defendant James M. Peck.

4.     Mr. Christophersen was an employee of Nestlé USA, Inc., and a previous participant in the Nestlé Plan. *See* Declaration of Kevin Theissen ("Theissen Decl."), attached hereto as **Exhibit A**, ¶ 5. The Nestlé Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., and provides employee benefits to eligible participants, including health benefits. *See* Theissen Decl., ¶¶ 3-4. As explained below, Plaintiffs' sole claim against the Nestlé Plan relates to the Plan's ability to exercise its subrogation rights regarding benefits it paid to Mr. Christophersen due to the Accident. *Infra*. In other words, Mr. Christophersen sued the Nestlé Plan for the limited purpose of fighting any subrogation claims the Nestlé Plan may have regarding recovery Plaintiffs obtain as compensation for the Accident. Plaintiffs' claim against the Nestlé Plan, therefore, arises under ERISA and is separate and distinct from Plaintiffs' claims against the other defendants.

5.     On August 7, 2025, Plaintiffs filed an initial complaint that inadvertently named a Nestlé, Inc. plan which Mr. Christophersen did not participate in. *See* State Court Action, Dkt. No. 1. Accordingly, On October 1, 2025, Plaintiffs filed their operative Amended Complaint, wherein the Nestlé Plan (correct entity for service pursuant to the allegations of Plaintiffs' claims), became a named defendant. *Id.*, Dkt. No. 30.

6.     On October 2, 2025, the Nestlé Plan filed an admission of service to acknowledge that the Amended Complaint was sufficiently served upon it. True and correct copies of the

Summons and Amended Complaint, and the Nestlé Plan's admission of service are attached hereto as **Exhibit D**.[1]

7.     As the Nestlé Plan's Notice of Removal has been filed within thirty (30) days after acknowledging service of Plaintiffs' operative Amended Complaint on it, removal is timely pursuant to 28 U.S.C. § 1446(b)(1). *See* Ex. D (showing service was acknowledged on October 2, 2025).

8.     The Nestlé Plan has not served any answer or responsive pleading to the Amended Complaint or made any argument in the State Court Action.

<u>**Statement of Grounds for Removal: Federal Question Jurisdiction**</u>

9.     Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this action involves claims that relate to the laws of the United States – specifically, ERISA.

10.     ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan." 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it is a "plan, fund, or program … established or maintained by an employer or by an employee organization … [that] was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death … ." *See* 29 U.S.C. § 1002(1).

---

[1] In the interest of completeness, the entire documents contained in the docket of the State Court Action as of October 31, 2025 has been included herein, regardless of service on the Nestlé Plan.

11.     The Nestlé Plan and Summary Plan Description ("SPD") make clear that it is governed by ERISA. *See* the Nestlé Plan's Summary Plan Description, ECF p. 247, attached hereto as part of **Exhibit B**. Exhibit B is a true and accurate copy of the Nestlé Plan Document and the Nestlé Plan's Summary Plan Description currently in effect. In addition, a true and accurate copy of the Form 5500 filed by Nestlé, USA, Inc. on behalf of the Nestlé Plan for the year in which Mr. Christophersen was in the Accident, is attached hereto as **Exhibit C**.

12.     The Amended Complaint alleges that the Nestlé Plan is a proper party as it "may have paid medical expenses" on behalf of Plaintiff Gerald Christophersen ("Gerald Chtistophersen"). *See* Amended Compl., ¶ 9. This is true: the Nestlé Plan did pay medical expenses on behalf of Mr. Christophersen. *See* Theissen Decl., ¶ 7. And as noted above, the Nestlé Plan documents make clear that it is governed by ERISA. *See* Ex. B, ECF p. 247. Therefore, the Nestlé Plan is an "employee welfare benefit plan," within the meaning of ERISA. *See* 29 U.S.C. § 1002(1).

13.     The Amended Complaint demonstrates that Plaintiffs are suing the Nestlé Plan in an effort to defeat its subrogation rights. *See* Amended Compl., Wherefore Clause (requesting an order "declaring the rights of the plaintiffs to any settlement/verdict proceeds, superior to that of any subrogated carrier and further, for a declaration that the plaintiffs are not obligated to pay any funds to any subrogated carrier").

14.     Whether and to what extent the Nestlé Plan may exercise its subrogation rights with respect to any recovery — irrespective of the source of the recovery Plaintiffs receive — requires the parties and the Court to construe the terms of the ERISA governed Nestlé Plan.

15.     The Nestlé Plan sets forth the at-issue subrogation provision in Section 11.15, which states as follows:

(a) Medical benefits are not payable to or for a Participant, Spouse, Dependent or other person covered under the Plan ("Covered Person") when the injury or illness to the Covered Person is caused by or contributed to by the act or omission of another person ("Third Party"), or when the expenses relating to the injury or illness of a Covered Person are covered under the terms of any other plan, policy, insurance, coverage, guarantee or indemnification ("Insurance") including any underinsured and uninsured motorist coverage. The Plan Administrator or Claims Administrator may elect to advance payment for medical expenses incurred for any injury or illness for which a Third Party may be liable or which is covered by Insurance. … .

(b) If benefits are paid to or for a Covered Person under the terms of the Plan … [t]he Plan shall be subrogated to the claims of the Covered Person against any Third Party or the Insurance for payment of its expenses relating to the injury or illness of the Covered Person and shall be entitled to reimbursement in the amount and to the extent of any payments made by the Plan for benefits under the Plan, from the proceeds of any recovery, judgment, settlement or other payment amount from a Third Party or Insurance paid to the Covered Person, or his or her representative. Plan Subrogation and reimbursement rights shall constitute a first priority claim and a first equitable lien by agreement against any proceeds paid by, or on behalf, of any Third Party or Insurance including proceeds from any recovery, judgment, settlement or payment amount from the Third Party or the Insurance that are paid to the Covered Person, or his or her representative. The first lien shall remain in effect until the Plan is repaid in full.

*See* Ex. B, ECF pp. 355-56.

16.      In order to determine the nature and extent of any recovery the Nestlé Plan may receive under this provision, Plaintiffs, the Nestlé Plan, and the Court are required to interpret and apply this provision. As such, Plaintiffs' claim against the Nestlé Plan, which is brough under Wis. Stat. § 803.03, is completely preempted by ERISA.

17.      "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

18.      Ordinarily, determining whether a civil action arises under federal law turns on the "well-pleaded complaint rule." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1 (1983). The Supreme Court has explained that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] … must be

determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

19.     There is an exception, however, to the well-pleaded complaint rule, which is found in the "complete preemption doctrine." Under this doctrine, when Congress has so completely preempted a particular area, any complaint raising a claim in that area is "necessarily federal in character" and may be removed to federal court, whether a federal question appears on the face of the complaint or not. *See Sophie v. Lincoln Nat'l Life Ins. Co.*, 1995 U.S. Dist. LEXIS 17823, at *8-9 (N.D. Ill. Nov. 27, 1995) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67) (1987)); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

20.     ERISA's civil enforcement provision, Section 502(a), 29 U.S.C. § 1132(a), is "one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (citations omitted). Courts apply the complete preemption doctrine to ERISA because, in enacting ERISA, Congress intended to streamline employee benefits administration by bringing it within one exclusive, federal statutory regime providing specific remedies, rather than leave the field to local regulation through a patchwork of potentially conflicting state laws. *See Taylor*, 481 U.S. at 64-67; *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

21.     Under ERISA's civil enforcement provision, a plan participant or beneficiary may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A plan participant or beneficiary may also bring an action

"(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3).

22.    Given the comprehensive sweep of ERISA § 502(a), "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.

23.    As noted above, the state-law claim against the Nestlé Plan set forth in the Amended Complaint is completely preempted by ERISA. The welfare benefits under the Nestlé Plan are employer-sponsored welfare benefits provided under Nestlé Inc.'s "employee welfare benefit plan" as defined by ERISA. *See* 29 U.S.C. § 1002(1). Plaintiffs are currently attempting to defeat the Nestlé Plan's subrogation rights for advanced benefit payments it issued for bodily injury Gerald Christophersen suffered from another defendant. *See* Amended Compl., ¶¶ 6, 11-16.

24.    Therefore, the Amended Complaint's allegations against the Nestlé Plan "duplicates, supplements, or supplants the ERISA civil enforcement remedy," and "conflicts with the clear congressional intent to make the ERISA remedy exclusive." Thus, Plaintiffs' claim against the Nestlé Plan set forth in the Amended Complaint is completely preempted for removal purposes. *Davila*, 542 U.S. at 209.

## Severance of the Remaining Defendants Under 28 U.S.C. 1441(c)

25.    The Nestlé Plan is one of many defendants named by Plaintiffs in the Amended Complaint. *See generally* Amended Compl. (also naming Defendants Progressive Universal Insurance Company, West Bend Insurance Company, Kapur & Associates, Inc., James M. Peck Security Health Plan of Wisconsin, Inc., and Alias Insurance Company Nos. 1 and 2) (the "Remaining Defendants")).

26.     Yet, the Amended Complaint makes clear that the causes of action against the Remaining Defendants are focused on the Accident *itself*, in contrast to Plaintiffs' subrogation contentions again the Nestlé Plan, which focuses on the recoverability of payments made to cover Mr. Christophersen's medical costs. For example, whether Plaintiffs may successfully assert claims against the Remaining Defendants turns entirely on whether the driver of the other vehicle is liable to Plaintiffs, and whether the other insurance carriers must provide coverage for the driver, all properly under Wisconsin state law.

27.     In other words, no federal claims are asserted or applicable against the Remaining Defendants. None are ERISA governed plans. And none of those claims turn on interpretation of ERISA governed plans, including the Nestlé Plan. *See* Amended Compl., ¶¶ 3-8, 10, 12-20.

28.     As addressed above, the only claim that implicates an ERISA governed plan is the subrogation issue against the Nestlé Plan. Moreover, Plaintiffs' claims against the Nestlé Plan do not require analysis of any state law. As such, the claim against the Nestlé Plan is separate and distinct from the claims against the Remaining Defendants. 28 U.S.C. § 1441(c) provides Courts with a clear remedy to deal with such situations.

29.     Specifically, Section 1441(c)(1) provides: "If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)."

30.     Here, as addressed above, Plaintiffs' claim against the Nestlé Plan arises under ERISA, a federal statute. As such, it is a claim that falls within Section 1441(c)(1)(A). Plaintiffs' claims against the Remaining Defendants all arise under the laws of the State of Wisconsin and do

not at all relate to the ERISA claim against the Nestlé Plan. Accordingly, they are not within the original or supplemental jurisdiction of the Court, nor are they claims that have been made removable by statute, and fall within Section 1441(c)(1)(B).

31.    Section 1441(c)(2) provides that "[u]pon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)."

32.    Therefore, under Section 1441(c)(2), the Nestlé Plan may remove Plaintiffs' lawsuit to this Court, and the Court may then "sever from the action all claims … not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, … then remand the severed claims to the State court from which the action was removed." *See* 28 U.S.C. §§ 1441(c)(1)(A)-(b), (c)(2).

33.    As none of the claims against the Remaining Defendants arise under ERISA, the Nestlé Plan is not required to obtain consent from any of the Remaining Defendants for this removal. Nor are the Remaining Defendants required to join this removal. 28 U.S.C. § 1441(c)(2).

34.    Accordingly, the Court should retain jurisdiction over the ERISA claim against the Nestlé Plan, sever the state law claims against the Remaining Defendants, and remand those state law claims back to the Circuit Court for Price County, Wisconsin. *See* 28 U.S.C. § 1441(c); *Brooks v. Diserens*, 2025 U.S. Dist. LEXIS 55469 (S.D. Ill. Mar. 25, 2025) (after removal, severing and remanding certain defendants pursuant to 28 U.S.C. § 1441(c)).

35.    In sum, the Amended Complaint's allegations against the Nestlé Plan are completely preempted by ERISA and removable to this Court on federal question jurisdiction

based on the complete preemption exception to the well-pleaded complaint rule. The remaining claims state law claims against the Remaining Defendants should be severed and remanded to the Circuit Court for Price County, Wisconsin.

### Venue and Procedural Steps

36.    The United States District Court for the Western District of Wisconsin is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. § 1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Price County, Wisconsin, which is located in this judicial district and division.

37.    As required by 28 U.S.C. Section 1446(a), the Amended Complaint, Summons, any other "process, pleadings, and orders" served to date on the Nestlé Plan, and the remaining documents from the State Court Action docket are attached as **Exhibit D.** *See* 28 U.S.C. § 1446(a),

38.    In addition to filing this Notice of Removal in the office of the Clerk for the United States District Court for the Western District of Wisconsin, the Nestlé Plan, through its undersigned counsel, certifies that it will provide notice of the removal to the Circuit Court of Price County, Wisconsin, Plaintiffs, and to other defendants in this case as required by 28 U.S.C. § 1446(d), to effect the removal.

39.    By filing this Notice of Removal, the Nestlé Plan does not waive any defenses to the claims Plaintiffs assert, including that Plaintiffs have not pleaded a claim upon which relief can be granted.

///

///

10

**Conclusion**

40.     Having fulfilled all statutory requirements, Defendant Nestlé USA Nescare Plan hereby respectfully requests that the State Court Action pending in the State of Wisconsin Circuit Court in Price County, be removed to the United States District Court for the Western District of Wisconsin.

Dated: October 31, 2025

/s/ James C. Goodfellow, Jr.
James C. Goodfellow, Jr.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Direct Tel: (312) 442-6101
James.Goodfellow@jacksonlewis.com

Sung Cheol Sam Park (*pro hac vice* forthcoming)
Direct Tel: (312) 803-2541
Sam.Park@jacksonlewis.com

Tony H. McGrath, WI Bar # 1042806
Direct Tel: (608) 807-5274
Tony.McGrath@jacksonlewis.com

JACKSON LEWIS P.C.
22 E. Mifflin Street, Suite 800
Madison, WI 53703
Fax: (608) 260-0058

4914-8839-4102, v. 1

11

## CERTIFICATE OF SERVICE

I, James C. Goodfellow, Jr., an attorney, certify that on October 31, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, causing it to be served on all counsel of record via CM/ECF. I also certify that I caused a true and correct copy of the attached *Notice of Removal* to be served on the following parties by email and regular mail at the following addresses:

Victoria M. Karcher
HABUSH HABUSH & ROTTIER SC.
227110 Harrier Ave.
P.O. Box 1987
Wausau, WI 54402-1987
vkarcher@habush.com

CT Corporation System, Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703

Christopher Zwygart, Registered Agent
1900 South 18th Avenue
West Bend, WI 53095

Ramesh Kapur, Registered Agent
7711 N. Port Washington Road
Milwaukee, WI 53217

James M. Peck
602 Decator Drive
Wausau, WI 54401

Attorney Lisa S. H. Boero
1515 N. Saint Joseph Avenue
Marshfield, WI 54449

*/s/ James C. Goodfellow, Jr.*